IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.                                         Civil No. 05-2110
                                           Criminal No. 02-20042-001
ANTHONY GAIL COLLINS                                        DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Anthony Gail Collins, a federal prisoner, brings this pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. I have not authorized service on the United States.

In December 2002, Collins pled guilty to distribution of 5 grams or more of a crack cocaine base and felon in possession of a firearm. He was sentenced by Hon. Robert T. Dawson to 63 months imprisonment and took no appeal.

Collins requests resentencing under *Blakely v. Washington*, 542 U.S. 296 (2004), in which the Supreme Court held that sentencing enhancements, other than criminal history, must be based on jury findings or admissions by the defendant. Collins contends Judge Dawson enhanced his sentence under U.S.S.G. § 2D1.1(b)(1) by finding that Collins possessed a dangerous weapon at the time of commission of the offense.

*Blakely* does not benefit Collins. The decision, which was announced on June 24, 2004, does not retroactively apply to § 2255 motions. *See Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005); *Schardt v. Payne*, ___F.3d ___, 2005 WL 1906932 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005).

Accordingly, I recommend the instant motion be denied and dismissed with prejudice.[1]  **The movant has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Movant is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 16th day of August 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

---

1. The court can deny relief without a hearing where the matters on file conclusively show the movant is not entitled to relief.  *Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992).